Team 1873 again, Target Training v. Extended Disc North America. Whenever you are ready. Then I recommend the hearing be in the Brass Trench, at every station in the country,  where the criminal team more than any time has danced to deformed realities.  full responsibility million dollars. Attorney Triana. It is now apparent that in the Y Uh, already the謝 час.   significant fail on both sides of the  carpe diem and that,  level playing field  the next exercise. I spoke to Ben Herman, who is also a Tippy Detective and addressed a racial idiot term in the brief. I do not think that is an accurate representation of that declaration. Could you show me where in the declaration he renders such an opinion? Um, we were looking at paragraph eight, I believe, your honor. The independent claims. Can you give me a page number? I'm sorry. J a three 56. Okay. I have it. L should be present of the 372 reexamination certificate claims. 12, 13, 14, et cetera. These claims include all of the limitations of the original claim. One with additional clarification or with wherein clauses, that there's a statement that they're substantially identical. No. You're not say substantially identical. And why? should be starting with the same one? It doesn't ask me in fact, the claims are beats in time, right? I mean, I think it's important to address this point because it affects the rest of the case. They're not substantially. You're right. I, I believe that there is evidence that they are substantially identical in the fact that what they are is the, all of the information that's in there in light of when you read it in light of the claims, the specification and the understanding of those skills in the art, that information is within the original specification of the, of the 3-7-2 patent. But you have maybe showing of substantially identicality, right? At the stage of the, when this motion was filed, your honor, no, they, we did not file something going through that analysis. Let's assume that you didn't then make such a shine. The question is here, what the district court should have done about the new clients. And, uh, I think you're have a good argument that presenius doesn't say that you can't amend your infringement contentions to continue with the newly granted claims. But doesn't the district court have a lot of discretion as to whether to allow an amendment to bring in new clients? Your honor, of course, the, the, the district court does have that discretion, but in this case, the court didn't even make the analysis with respect to that, that issue. The court simply said that the initial claims were canceled. Therefore under Fresnius, the case is dismissed as moot. So it was making a leap between Fresnius and the language there that said, when all the claims are canceled, once that happens, the case is over and all be all as opposed to this I think your problem is you didn't move to amend the infringement contentions. I guess you did in part of the motion to strike papers say that you wanted to do that, but why is it that you didn't actually make a motion to amend the infringement? So prior to actually stating that in the motion to strike papers, your honor, we also had, we had asked the court as soon as we submitted the reexamination certificate, we had contacted the court and asked for a new scheduling order. The scheduling order that had been in play obviously was, was over. And so we had asked the court to set forth a new, a new scheduling order immediately, actually even prior to that days, prior to that, the other side had filed their motion to dismiss. And so we had sought, we had asked the court for a scheduling order. The court actually never ruled on that issue. And we had offered to amend our, our contentions. In compliance with the scheduling order. What does that mean? You offer, is that in the, is that there a document you say you offered to amend? In the, well, in the motion to strike, we indicated that we intent, we were, what page is that on the, um, sure. J uh, J three 19, I believe is actually our opposition. We, okay. So at J three 19, we are in the opposition to the motion to per summary judgment and motion to dismiss. We indicated that we were willing to go ahead and do to amend those claims if necessary at that stage. It's a footnote, um, footnote one at the bottom of page two of that motion. Yeah. But that just says you're willing to do it. It's not a request to be allowed to do it. Sure. And then in J a one 81 to one 82, we had requested the scheduling order in light of, and indicated that in light of the, as I understand your argument is, and it's somewhat sympathetic actually is that the trial court said, even though their motion to dismiss was not compliant with the former scheduling order, the trial court found the scheduling order didn't exist. Right. And then the trial court wouldn't allow you to amend because he said you violated the scheduling order that he said didn't exist. Correct. And so, well, I think there is sympathetic because it's obvious that you could say that's an abuse of discretion to apply the old scheduling order to you. And then to say, then do the old scheduling order didn't exist with respect to their motion. Going back to judge Dyke's original point, even if that was an abuse of discretion, don't you admit more than once in your papers and those very papers you're talking about, that the new claims are narrowing, which would go to the second point of my argument, your honor, which is the, the, the issue with respect to two 52, even if the court were to conclude that they are, so they are narrower, the language there is to suggest that yes, they are not, we don't use the identical words clearly, but we believe that within the specification it's there, but putting that aside, if because there are newly, there are newly amended claims that if they, if you conclude they are narrower in scope, we are still entitled to proceed with the action under and go through the analysis of two 52. And with respect to their form, if they choose to plead the affirmative defense under two 52. I don't think you're entitled to go forward with the new claims. I think you are entitled to ask to go forward with the new claims and the district court may or may not allow an amendment of the infringement contentions to go forward with the new claims. Do you disagree with that? Yes, we are allowed to ask. And we did ask and the court didn't say yes. Show me where I'm still puzzling over this. We're in one 51. Is there a request here? So I'm sorry, it's one, it's J a three 19 and J a one 81 and one 82. So we're on one 81 and one 82. So the last second paragraph, second full paragraph, given the duration of the stay in this matter and the outcome of the reexamination proceedings, TTI respectfully requests a status conference with the court to discuss setting additional or modified deadlines. Um, and then if you flip to update contentions and expert reports with any associated positional discovery, that's sort of being an actual request to amend the infringement contentions to allege infringement of the new claims. That's the problem I'm having is that you, you know, there was nothing to prevent you from making a motion to amend the infringement contentions. Was there? Your honor, we were, we were trying to comply with this court court scheduling order that wasn't in existence. We wanted a new scheduling order. And then my question was there anything that prevented you from making a motion to amend the infringement contentions? I would say your honor, just the fact that we were waiting on the court's response to our request for this conference to have a scheduling order in play. So there wasn't any order of the court that prevented you from making such a motion. No. And they, but the court didn't address, didn't address the issue of additional contentions to say whether or not we had the right to, to amend them until the dismissal order, at which point, of course the case was over. And in the absence of a scheduling order, you didn't have a deadline for filing motions to amend. Correct. But which means you could have filed a motion, but didn't. Your honor, we expected that the court was going to respond to the, the court never responded. It's not the court denied the scheduling order conference. It's the court didn't respond and we were waiting on that response. What do you want to happen here? I mean, the other case we ended up asking you, why don't you just file a new case? Why don't you just file a new case here? Is it the matter of having to do everything again? Is it because you're afraid of losing? Are you still think that you're entitled to a fight over whether or not there's substantial similarity or not? We believe we are entitled to that fight. I'm not sure we couldn't make it any, a second case. I'm not sure about that. Well, you did in summary, the summary as I recall, I make it be confused with another case. I mean, you, they filed for summary judgment. The district court said you make this assertion about substantially similar and you haven't put up any facts. I think your expert report just fell short. So if you didn't put out any facts to establish that there's a factual dispute, you lost on summary judgment. Actually in this case, the court didn't actually rule on summary judgment. The court rules. I believe that if I recall correctly, the court said that the summary judgment issue was moved in light of the fact that it was dismissing the cases that you had failed to establish substantial identicality. Your Honor, I don't recall the court statement with respect to that, but perhaps that is accurate. Okay. It says the page six of the opinion, the record, however, does not contain any evidence that the claims are substantially identical to the original claim. TPI's conclusion statement that the claims may be identical is not sufficient. I see that. I'm sorry. I said, I see what you're pointing to. Your Honor. I'm not sure that that is a final decision on the summary judgment issue, but certainly that is a statement that the court made in that decision. But the issue with respect to refiling is that we are going to be faced with the same exact fights we're facing now if the court does not. And my expectation is the other side isn't going to agree that all the discovery that was taken in that case comes forward. The Markman opinion comes forward and all of that. So we are forced to restart a case that started back in 2010. Are you asking for two alternatives here? One that we would vacate and remand and send it back to the judge. You need to amend your complaint. So you're asking, I'm just trying to figure out what you're asking that we do, that we tell the judge to allow you to amend your complaint. Do you want us to ensure that you can revisit the question of substantial similarity or decide whether or not that issue has been properly disposed of and is over? Or are you willing to agree that that issue at least is over? So you just want us to vacate and remand for purposes of allowing you to file an amended complaint, but no issue. Substantial similarity is a given. So you just proceed prospectively with regard to the new allegations. Your Honor. With the new claims. Ideally we would like the opportunity to go back and review the substantial identity. If that is not acceptable, we're certainly are looking to at least have the ability to go back and proceed with amended invalidity contentions based on the new claims and to proceed forward there with the ability to use the continuing all of the discovery and uh, rulings that have already taken place in that case. Well, as I see it, the most we could do, I mean, I, there does seem to be a lot of oddities here with respect to what the district court did in terms of prohibiting moving to amend. If the most we could do is say, consider a motion to amend, but then the trial court would still have discretion whether to allow that. So we could be in exactly the same place. And does that, how does that help? Well, I think it does help us, Your Honor, because I think the point is that the district court didn't even consider that issue in, in reality because the court said Fresnius says canceled claims means no case. And so basing everything off of Fresnius, I think the court that the, this issue of intervening rights to 52, our ability to amend our infringement contingent contentions really wasn't a part of what the court was considering. I mean, as I read the court's order, and of course I'm, I'm, it is certainly my view of the court's order and the court may view differently. But if the decision was made, Fresnius says the case is moved because claims are canceled and it doesn't matter. You can't move to amend because it was too late. And then ultimately said that means you're stuck with the original claims. Right. There you go. Applies. Okay. We'd respectfully request. Did you have a question, Your Honor? No, I was going to ask you to sit down. May it please the court. Good morning. Steve Slather of Collins Edmonds, Slather and Tower for the Appalachee Extended District of North America. Based on the undisputed facts in this case, the district court's decision to dismiss was both factually and legally correct and should be affirmed. Well, let me talk about procedurally correct. I mean, you have a case that's closed. He didn't, he didn't just stay the case. He closed the case, right? Well, it was administratively closed. Yeah. Well, we all know what district courts do. They claim it's administratively closed and that way it gets reopened and comes right back to you and it gets off their report, but it's still closed. No matter what you call it, you have closed the case. You have no nothing in place in terms of scheduling orders because otherwise you both would have violated all the scheduling order, right? Right. As the, as the court found that the, the, the deadlines in the then pending scheduling order had long passed. All right. So, so therefore he said, for purpose of you being able to file a motion to dismiss or a motion for summary judgment, he said, therefore you get to file whatever you want because there was no scheduling order. So you couldn't have violated it, right? I don't know if he said we could file whatever we want, but he did not prohibit us from filing. And he said, because there's no scheduling order that would have said you had to do it sooner. Correct. Your Honor. Right. But then he applied the old scheduling order to the other side to say they can't amend because it's too late. I, I, I disagree with that. Um, on a couple of points. First, they never asked to amend. They never sought leave to amend. We could debate, I mean, whether you, whether, whether the two places, one where they asked for the, for a scheduling conference, so they could then come back and where they mentioned in that motion that, that there were new claims and whether when they responded to your motion for summary judgment, which they didn't think you could procedurally file, they said, well, if we're going to go forward with this judge, please allow us to amend our claims because we all know it's the old claims are not issues we're supposed to be addressing right now. Right? No, I, I think so. The procedurally, um, Edna filed its, its motion. Uh, shortly thereafter, TTI filed a notice, uh, presumably notifying the court of the new claims and asking for a scheduling conference. That, that notice, it was a notice. It required no action by the court. But it did in there both say, we want to talk about the infringement contentions and the issue of intervening rights as well. It did say that, uh, next TTI filed a motion to strike. And there again, they, they asked for a scheduling conference. They didn't, they never asked to amend their contentions. They, they said they would be willing to amend their contentions if that was necessary, right? They, they asked for a scheduling conference where that could be discussed. So what do we have here in terms of the district court saying anything about a possible amendment? Did the district court say anything about that issue? I don't believe it did because TTI never asked. TTI never asked to amend. And so there was, there was no reason for the court to address that. Well, didn't the court specifically said you didn't amend your infringement contentions? Ultimately it did. Right. That was the basis for its ruling was that the infringement contentions weren't previously amended. In part that was the basis for it. Could you show me where this language is? Cause I, my recollection of this is, is not that there was a ruling on it. Could you show me the language we're talking that you and Judge O'Malley are talking about? Which language specifically, Your Honor? Okay. The language where he says something about the failure to amend. So, right. So in the, in the courts, uh, is this on page five where he says binds TTI to its ruling on infringement contentions unless TTI seeks leave to amend? Correct. Is that what we're talking about? I believe that's what we're talking about, Your Honor. Yes. Well, that doesn't seem to be a ruling on any request to amend. It seems to be a statement that there was no request to amend. I agree. And, and, and that, that goes to my point, Your Honor, that, that TTI never made a request to amend. And that's really the crux of the issue, uh, or at least one of the issues here is that, uh, that there was just never a request. There was never an opportunity for the district court to consider it and, and decide that issue one way or the other. So why shouldn't we just vacate and remand assuming, let's assume hypothetically that we are prepared to agree that for purposes of intervening rights, the complaint is the claims are substantially similar or that summary judgment on that basis was appropriate, but why wouldn't we just remand it and let the court decide whether or not to amend the claims? And why is it not just more efficient? I mean, the court may have good reason not to, and that would be reviewed under abuse of discretion, but it seems to me, it may be that rather than just getting a new suit filed, it would make sense to amend this and the district court may conclude that. So why, why shouldn't we at least give that opportunity? Well, there, because the, the TTI never, never asked for that relief. So it's, it's, it wasn't, it wasn't an error. There was no error at the district court. Uh, and so there's no basis to, to vacate or remand. Uh, the district court was correct in its decision and there's, there's just no basis for, uh, for not affirming that. Now it's clear. Is it not that the, if we were to affirm this dismissal, um, it's without prejudice so that there's nothing at all that would preclude their coming forward tomorrow and filing a new complaint based on the amended claims, right? So on, right. So obviously for the, for the original claims, they, they couldn't, those are gone. The, on the amended claims. Yeah, I said the amended claims. On the amended claims, um, certainly they can, they're free to file, um, any case that they want. Okay. Cause I got the impression from their side that they were worried that they would be precluded somehow by this dismissal from filing the case anew. Well, I, I think there are significant issues of, of claim preclusion in this case. So if they file a new suit, what you're saying is you're going to argue claim preclusion because of the dismissal here. Correct. That's the problem. It is a problem for them, uh, but it's a problem of their own making largely. Because they didn't move to relieve the amendment. Well, because their original claims were invalid and because they then didn't ask the district court to allow them to amend their contentions to assert the new claims. But why would there be preclusion? If the other suit, if we can, the other suit was on the original claims. Now they've got to re-examine the newly amended claims. So I think it was discussed a little bit earlier. It's based largely on the, on the Sinju case. Well, that's when there was a, I think some of our discussion was, or at least while reading it, um, but assuming Sinju was based on the dismissal on the merits, this is not a dismissal on the merits, but on the merits of the former claims, not on the new claims. That's your whole point. They didn't amend it. The new claims, the newly minted claims were not before the district court judge at all. So why would Sinju control? Well, I believe in Sinju that those facts were similar, that the original case, uh, the original case was decided and then the plaintiff brought new claims based on newly added claims and a re-examination. And the court found that those new claims were precluded because they were, they were subsumed by the original, by the claims in the original case. Right. But the court made, had made substantive judgments as to infringement and validity on the original claims. Here, this court specifically said that it was simply dismissing the claim as moved. That's correct. And so, so that would, that would be an issue that we would have to work through going forward. Whether. How can it be that if there's a dismissal as moved, and it's that that's a pretty decision on the merits. I'm not aware of any race judicata case that suggests that. I'm not arguing that here today. I'm saying. We're wondering whether you're going to be arguing a month from now. We may be. And that, that case wasn't part of the decision below. And so, you know, we would have to see. I think what we're looking for in order to lay our concerns is some statement on your part that a dismissal for mootness, which is what this is wouldn't invoke the Sanju Bar. I don't know that that's the case, Your Honor. So I'm, I'm sorry. I cannot, I cannot allay those. What you mean is we have to say it if that's what we think. We don't, we can't rely on you saying. I cannot say that today. I'm sorry. Um, so I think if we, if we look at the record here, um, the, the district court has the authority to enforce its own patent rules. This, this court in, in Karanos, for instance, uh, found that, that, that the enforcement of local rules is, is reviewed for abuse of discretion. I thought you just said the judge didn't enforce those words. I thought you just said that he viewed it as never having been asked of him. He, I believe he enforced them to the extent that, uh, the, the claims, the claim before him, the claims that he made based his decision on were the asserted claims, which were one, two, and five. Oh, so your comments weren't dealing with the motion to amend that he enforced the rules. Well, there was no motion to amend. So, but they were not, they were not directed towards the new claims. They were, they were directed towards the. So here's the issue. The patent, I mean, the complaint generally alleges infringement of the patent. It doesn't specify every single claim. Then we have infringement contentions. So they later then assert infringement contentions. So when the judge said they didn't move to amend, it really wasn't the complaint that needed to be amended. It was only the infringement contentions, which were part of the original schedule order, right? The, the, right. So the, the, uh, the infringement contentions, uh, bound TTI to the specific claims that they disclosed as part of those pursuant to the. Still was broad enough to cover the new claims. Um, possibly depending on, uh, there were intervening federal rule changes. And so whether, whether it would comply. Yeah, but there, there had not been a motion to dismiss on grounds that it wasn't specific enough. Right. So then that would have been your problem to ask the judge if you could move to dismiss the complaint, but you didn't move to dismiss the complaint based on its specificity. Right. We, we moved to dismiss based on, uh, TTI's contentions that they were asserting only a certain subset of claims, not, not, not necessarily. No, the complaint, I believe the complaint mentioned specifically claim one, but, uh, even as judge Miller, uh, I believe mentioned in his order, um, the complaint was broad enough to encompass additional claims. So, so how would this work if they had done what some of us think would have made life easier for all of us when they had filed? We're not talking then about a motion to amend the complaint. Would they have had to press a motion to amend the infringement contentions? I think that that's what they should have done here. And they just failed to do that. And that's what the district court was referring to on page five. It wasn't referring to a motion to amend the complaint. He said, unless TTI seeks leave of court to amend the contentions. Correct. Okay. And they, they never, they never moved from in their contentions. And so, uh, as I read, uh, the judge's order, uh, the only claims he saw as being before him at that time were the claim that TTI specifically asserted in its contentions, all of which have been canceled. Okay. Time's almost up. Anything further? Thank you. Just briefly, your honors, that is the concern that we have as, as we have expected based on that is the concern, meaning the send you concern that we're going to be faced with a whole new briefing, which will be again, very likely potentially before you, depending on who, who wins, presumptively will come up by the way to say that this is there is claim preclusion and we can't bring that. And we think that in light of the scheduling order that wasn't in place and our request to have a scheduling order to amend our contentions compliant with the reexamination, we request this court remand case. Okay. Thank you. We thank both sides and the cases are submitted.